UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:18-cv-00555 |
| ) | |
| $279,433 UNITED STATES CURRENCY; ) | |
| 2013 FORD F250 SUPERDUTY CREW PICKUP ) | |
| TRUCK, VIN:  1FT7W2BT7DEB86273; ) | |
| 2005 FORD F150 SUPERCAB PICKUP TRUCK ) | |
| VIN:  1FTPW14545FB29100; AND ) | |
| $45,970 UNITED STATES CURRENCY; ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT OF FORFEITURE IN REM**

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Debra G. Richards, Assistant United States Attorney, alleges on information and belief as follows:

NATURE OF THE ACTION

1. This is a civil action seeking forfeiture of certain property pursuant to 21 U.S.C. § 881(a)(6) because the defendant property constitutes proceeds of, or is property used to facilitate a violation of, the Controlled Substance Act.

JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 (district courts have original jurisdiction of all civil actions commenced by the United States) and § 1355 (district courts have original jurisdiction of any action for forfeiture).

3. This Court has in rem jurisdiction over the defendant property pursuant to 28 U.S. C. § 1355(b) (forfeiture action can be brought in district in which any of the acts giving

rise to the forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in the government's possession).

4. This Court is the appropriate venue in this matter pursuant to 28 U.S.C. § 1395(a) and (b), in that the forfeiture accrued in the Southern District of Indiana, and the defendants are now, and during the pendency of this action will be, found within the Southern District of Indiana.

## DEFENDANTS

5. The Defendants are:

   a. Two Hundred Seventy-Nine Thousand Four Hundred Thirty-Three Dollars in United States Currency ("Defendant $279,433") (Asset Identification Number 17-ATF-029662) seized on September 27, 2017, from Jerry Hall, Jr., at 11101 East 46th Street, Indianapolis, IN 46235;

   b. 2013 Ford F250 Superduty Crew Pickup Truck, VIN: 1FT7W2BT7DEB86273, ("Defendant F250 Truck") (Asset Identification Number 17-ATF-029758), seized on September 27, 2017, from Jerry Hall, Jr., at 11101 East 46th Street, Indianapolis, IN 46235;

   c. 2005 Ford 150 Supercab Pickup Truck, VIN: 1FTPW14545FB29100, ("Defendant F150 Truck") (Asset Identification Number 17-ATF-029756), seized on September 27, 2017, from Jerry Hall, Jr., at 11101 East 46th Street, Indianapolis, IN 46235; and

   d. Forty-Five Thousand Nine Hundred and Seventy Dollars in United States Currency ("Defendant $45,970.00"), seized on September 27, 2017, from Alan Beltran-Diaz, at

7740 East 21st Street, Indianapolis, IN;

(jointly "Defendant Property").  The Defendant Property is currently in the custody of the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").

## FACTS

6.	In or around August 2017, the Bloomington Police Department, together with the ATF and other law enforcement began an investigation into a methamphetamine trafficking organization operating in Central and Southern Indiana.  According to confidential informant ("CI"), an individual named "Big J" was receiving 20 pounds of methamphetamine on a weekly basis.  The CI indicated that he/she had personally see approximately 10 pounds of methamphetamine and at least $100,000 in United States Currency located in a safe at "Big J's" house in Indianapolis, IN.  The CI stated that he/she purchased about three pounds of methamphetamine each week from "Big J" for $9,400.  The CI stated that at that time he/she owed "Big J" about $12,000.

7.	The CI stated that he/she saw approximately 20 pounds of methamphetamine located in plastic bags laying near a safe.  The CI indicated that "Big J" had told him/her that he expected another 25 pounds of methamphetamine to be delivered in the next couple of days.

8.	The CI also indicated that "Big J" had received a package from FedEx and the United States Postal Service, which contained approximately 10 pounds of methamphetamine each.  These boxes were left at the front door at "Big J's" residence.  And the CI indicated that he/she had seen two Hispanic males driving a blue Mustang, arrive at "Big J's" residence and deliver methamphetamine in a cooler.

9.  "Big J" was identified as Jerry Hall, with an address of 11101 E. 46th Street, Indianapolis, IN.  Law enforcement observed trucks in the driveway on Hall's residence, including the F250 Truck and the F150 Truck.

10. As part of the investigation, law enforcement conducted surveillance of Hall.  On August 23, 2017, law enforcement arranged for the CI to purchase a pound of methamphetamine from Hall.  Law enforcement conducted a controlled purchase with the CI purchasing the drugs at Hall's residence at 11101 E. 46th Street using buy money.  While under surveillance, the CI went to Hall's residence and made contact with Hall.  In the garage, Hall retrieved a large plastic bag and after opening the bag, pulled out an individual plastic bag of methamphetamine, and gave the individual bag to the CI.  Additional undercover purchases of methamphetamine at Hall's residence were carried out.

11. During the investigation, law enforcement identified Alan Beltran-Diaz as the source of the methamphetamine that was being sold by Hall.  Surveillance revealed continuous communications between Hall and Beltran-Diaz, as well as Hall and Beltran-Diaz driving back and forth between their residences.  Intercepted communications between Hall and Beltran-Diaz indicated that they were using Beltran-Diaz's residence at 7740 East 21st Street, Indianapolis, IN, as a "stash" house.  In one conversation, Beltran-Diaz told Hall to leave "20" ($20,000) at the house.  In another call, Beltran-Diaz indicated that he was crossing the border back into the United States.

12. On September 20, 2017, law enforcement monitored a telephone conversation between Hall and Alan Beltran-Diaz.  In that conversation, Beltran-Diaz instructed Hall to go to his house and told him where he had hidden money that Hall was to pick up and give to another

individual.

13. On September 21, 2017, law enforcement observed Hall driving the F250 Truck to Beltran-Diaz's residence, go into the residence and then leave. A later telephone conversation was monitored in which Hall told Beltran-Diaz that he had left money for him at the house and that he had gone through every single bundle before leaving the money. Law enforcement observed Hall drive to Beltran-Diaz's residence on other occasions as well.

14. On September 26, 2017, surveillance units observed a silver car, driven by Beltran-Diaz, parked at Hall's residence. A Hispanic male exited the vehicle, went inside Hall's residence, and later exited the residence and got back inside the silver car. Intercepted communications from that date between Hall and another person revealed Hall stating that he had just received nine pounds of crystal methamphetamine for $35,000 from the Mexicans, and that he was sitting on a quarter of a million dollars in his house. Hall went on to explain how much drugs he sold in a week.

15. Law enforcement applied for a search warrant for Hall's residence, which was issued by the Marion County Court. On September 26, 2017, law enforcement executed on the warrant and searched the residence at 11101 East 46th Street, Indianapolis, IN, and the trucks. During the search of the residence, law enforcement found plastic bags and a plastic bowl containing a crystal substance, a powder substance, and blue round pills; prescription bottles with miscellaneous pills; a Glock 27 handgun, with a magazine and ammunition; a Savage Arms shotgun; additional boxes of ammunition; three handgun magazines; three cell phones; four USB Drives; and $54,139 in United States Currency.









16. When the F250 Truck was searched, law enforcement found $225,294 hidden in the cab of the truck.



17. Hall was taken into custody, and after being provided his Miranda rights, agreed to speak to investigating officers. Hall admitted to having a large amount of money,

7

methamphetamine, and firearms in his residence and personal vehicles. Hall also admitted in conversations with law enforcement that he was a multi-pound methamphetamine dealer and that he had a Mexican source of supply who he identified as Alan. Hall admitted that he would take money to Alan's residence at 7740 E. 21st Street, Indianapolis, IN, and would also pick up methamphetamine at that location. Hall admitted that the money in his vehicle was to be given to Alan prior to him traveling to Mexico, and that 50 pounds of methamphetamine was to be delivered to Hall's residence.

18. Law enforcement applied for a search warrant for Baltran-Diaz's residence at 7740 E. 21st Street, Indianapolis, IN, which was issued by the Marion County Court. On September 26, 2017, law enforcement executed on the warrant and during the search of the residence, a white bucket was found inside a dark cooler, which contained a liquid that tested positive for methamphetamine. In addition, $11,700 in United States Currency was found on a pool table in the house, along with $34,270 in United States Currency hidden inside the pool table. Also found was a heat vacuum sealer, a firearm, magazine, ammunition, and holster, and cellphones.

19. Beltran-Diaz was taken into custody, and after being provided his Miranda rights, agreed to speak to investigating officers. He admitted to being a part of a drug operation based out of Mexico. He stated that he picked up money from Hall and then sent the money to Mexico. Beltran-Diaz indicated that the crystal methamphetamine would be shipped to his address at 7740 E. 21st Street, which would be picked up by Hall.

20. As a result of the investigation, Hall was charged by the State of Indiana in Marion County with felony counts of Dealing in Methamphetamine with an Amount of 10 or More Grams (Conspiracy to Commit); Dealing in Methamphetamine with an Amount of 10 or

More Grams; Possession of Methamphetamine of 28 or More Grams of Methamphetamine; and Unlawful Possession of a Firearm by Serious Violent Felon.  *See State of Indiana v. Jerry Hall,* Case No. 49G20-1709-F2-037392.  A jury trial is scheduled in this case for April 9, 2018.

21.     As a result of the investigation, Beltran-Diaz was charged by the State of Indiana in Marion County with felony counts of Dealing in Methamphetamine with an Amount of 10 or More Grams (Conspiracy to Commit); and Possession of Methamphetamine of 28 or More Grams of Methamphetamine.  *See State of Indiana v. Alan Beltran-Diaz,* Case No. 49G20-1709-F2-037379.  A jury trial is scheduled in this case for April 9, 2018.

22.     There were several other individuals charged with felony drug trafficking charges stemming from the investigation, all of which will also be tried to a jury on April 9, 2018.  Shawn R. Barron was charged with felony counts of Dealing in Methamphetamine with an Amount of 10 or More Grams (Conspiracy to Commit); and Possession of Methamphetamine of 28 or More Grams of Methamphetamine.  *See State of Indiana v. Shawn R. Barron,* Case No. 49G20-1710-F2-038347.  Sabrina Schooley was charged with felony counts of Dealing in Methamphetamine with an Amount of 10 or More Grams (Conspiracy to Commit); and Possession of Methamphetamine of 28 or More Grams of Methamphetamine (Conspiracy to Commit).  *See State of Indiana v. Sabrina Schooley,* Case No. 49G20-1710-F2-038349.  Jeremy Lovelace was charged with felony counts of Dealing in Methamphetamine with an Amount of 10 or More Grams (Conspiracy to Commit); and Possession of Methamphetamine of 28 or More Grams of Methamphetamine (Conspiracy to Commit).  *See State of Indiana v. Jeremy Lovelace,* Case No. 49G20-1710-F2-038351.

23.     Hall has a significant criminal history including a 1994 conviction of misdemeanor charges of Dangerous Possession of Firearm, *State of Indiana v. Jerry Hall*, Cause

No. 49F19-9409-CM-122796; a 1995 felony conviction of Robbery in *State of Indiana v. Jerry Hall*, Cause No. 49G04-9502-CF-027280; a 2004 felony conviction of Firearm Possession by Serious Violent Felon in *State of Indiana v. Jerry Hall*, Cause No. 49G02-0401-FB-003519; and a 2010 misdemeanor conviction of Battery in *State of Indiana v. Jerry Hall*, Cause No. 49G21-1007-FD-054848.

24. On May 14, 2016, Beltran-Diaz was arrested in the border town of Calexico, California, for having a fake compartment in his vehicle.

25. A Marion Superior Court turnover order was issued on October 25, 2017, with respect to Hall, ordering that various assets be transferred to the United States for forfeiture under the appropriate federal statutes.

26. A Marion Superior Court turnover order was issued on December 12, 2017, with respect to Beltran-Diaz, ordering that the Defendant $49,970 be transferred to the United States for forfeiture under the appropriate federal statutes.

27. The ATF initiated administrative forfeiture proceedings against the Defendant $279,433, Defendant F250 Truck, and Defendant F150 Truck. The ATF received a claim dated November 17, 2017, to these Defendants submitted by Attorney Maxwell B. Wiley, on behalf of Larry Hall, Jr. In that claim, Hall stated that his interest in the property was based upon the fact that the "US Currency was seized from my residence," that he was the registered owner of the F150 Truck, and that he was in the process of registering the Ford F250 Truck.

28. Upon the filing of this claim, the ATF transmitted the claim to the United States Attorney for the purpose of initiating a judicial forfeiture action against the Defendant Property.

## PERTINENT STATUTES

29.     Pursuant to 21 U.S.C. § 841, it shall be unlawful for any person "to knowingly or intentionally manufacture, distribute, or dispense a controlled substance; or . . . to possess with intent to distribute or dispense, a controlled substance."

30.     Pursuant to 21 U.S.C. § 846, "[a]ny person who attempts or conspires to commit any offense of this subchapter shall be subject to the same penalties for the offense, the commission of which was the object of the attempt or conspiracy."

31.     Pursuant to 21 U.S.C. § 881(a)(6), the Defendant Property is subject to forfeiture because it constitutes:  1) money, negotiable instruments, securities, and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substance Act (21 U.S.C. §§ 841 and 846); 2) proceeds traceable to such an exchange; and 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## PRAYER FOR RELIEF

Based on the factual allegations set forth above, there is probable cause to believe that the Defendant Property represents the proceeds of drug trafficking and conspiracy to commit drug trafficking, and property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of violations of 21 U.S.C. §§ 841 and 846.  Consequently, the Defendant Property is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and (C) and 21 U.S.C. § 881.

WHEREFORE, the United States of America prays that the Clerk of the Court issue a warrant for the arrest of the Defendant Property pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, that due notice be given

to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendant Property be forfeited to the United States for disposition according to law; and that the United States be granted any relief this Court may deem just and proper.

          Respectfully submitted,

          JOSH J. MINKLER
          United States Attorney

By:    *s/ Debra G. Richards*
      Debra G. Richards
      Assistant United States Attorney
      Office of the United States Attorney
      10 W. Market St., Suite 2100
      Indianapolis, Indiana 46204-3048
      Telephone: (317) 226-6333
      Fax: (317) 226-5027

## VERIFICATION

I, Chris Scott, hereby verify and declare under penalty of perjury that I am a Task Force Officer for the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief, and as to those matters I believe to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement offices, as well as my investigation of this case, together with others, as a Task Force Officer with the ATF.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 2-23-2018

Chris Scott
Task Force Officer

13

✎JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question (U.S. Government Not a Party)
- ❏ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane / ❏ 362 Personal Injury - Med. Malpractice | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal 28 USC 157 | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability / ❏ 365 Personal Injury - Product Liability | ❏ 625 Drug Related Seizure of Property 21 USC 881 | | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander / ❏ 368 Asbestos Personal Injury Product Liability | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 460 Deportation |
| ❏ 151 Medicare Act | ❏ 340 Marine / **PERSONAL PROPERTY** | ❏ 650 Airline Regs. | ❏ 830 Patent | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❏ 345 Marine Product Liability / ❏ 370 Other Fraud | ❏ 660 Occupational Safety/Health | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| | ❏ 350 Motor Vehicle / ❏ 371 Truth in Lending | ❏ 690 Other | | ❏ 490 Cable/Sat TV |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 355 Motor Vehicle Product Liability / ❏ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ❏ 810 Selective Service |
| ❏ 160 Stockholders' Suits | ❏ 360 Other Personal Injury / ❏ 385 Property Damage Product Liability | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 190 Other Contract | | ❏ 720 Labor/Mgmt. Relations | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge 12 USC 3410 |
| ❏ 195 Contract Product Liability | | ❏ 730 Labor/Mgmt.Reporting & Disclosure Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 892 Economic Stabilization Act |
| ❏ 210 Land Condemnation | ❏ 441 Voting / ❏ 510 Motions to Vacate Sentence | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 442 Employment | ❏ 791 Empl. Ret. Inc. Security Act | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ Accommodations / **Habeas Corpus:** | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 895 Freedom of Information Act |
| ❏ 240 Torts to Land | ❏ 444 Welfare / ❏ 530 General | | | ❏ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment / ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other / ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | | ❏ 950 Constitutionality of State Statutes |
| | / ❏ 550 Civil Rights | ❏ 463 Habeas Corpus - Alien Detainee | | |
| | ❏ 440 Other Civil Rights / ❏ 555 Prison Condition | ❏ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- **X** 1 Original
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from another district (specify)
- ❏ 6 Multidistrict Litigation
- ❏ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.   Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:18-cv-00555 |
| ) | |
| $279,433 UNITED STATES CURRENCY; ) | |
| 2013 FORD F250 SUPERDUTY CREW PICKUP ) | |
| TRUCK, VIN: 1FT7W2BT7DEB86273; ) | |
| 2005 FORD F150 SUPERCAB PICKUP TRUCK ) | |
| VIN: 1FTPW145FB29100; AND ) | |
| $45,970 UNITED STATES CURRENCY; ) | |
| ) | |
| Defendants. ) | |

## **WARRANT FOR ARREST OF PROPERTY**

TO: ANY OFFICER OR EMPLOYEE OF THE UNITED STATES

WHEREAS a Complaint for Forfeiture In Rem has been filed in this Court on the 26th day of February, 2018, by Josh J. Minkler, United States Attorney for the Southern District of Indiana, against Two Hundred Seventy-Nine Thousand Four Hundred Thirty-Three Dollars in United States Currency ("$279,433"); one 2013 Ford F250 Superduty Crew Pickup Truck, VIN: 1FT7W2BT7DEB86273, ("F250 Truck"); one 2005 Ford 150 Supercab Pickup Truck, VIN: 1FTPW145FB29100, ("F150 Truck"); and, Forty-Five Thousand Nine Hundred and Seventy Dollars in United States Currency ("$45,970.00"), defendants herein, for reasons and causes set forth in the Complaint;

YOU ARE HEREBY COMMANDED to take custody of and to deliver the defendant property into the possession of the United States Marshals for the Southern District of Indiana, to be detained in the possession of the Marshals until further order of this Court, and you will make

1

return thereon not later than ten (10) days after execution of process.

Dated: _____

_____
Laura A. Briggs, Clerk
United States District Court
Southern District of Indiana

Arrest Warrant to be issued by the Clerk pursuant to
Rule G(3)(b)(i) of the Supplemental Rules for
Admiralty or Maritime Claims and Asset Forfeiture Actions,
for property in custody of the United States.